Filed 11/21/25  P. v. Beck CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LORETTA LASHALE BECK,<br><br>Defendant and Appellant. | C101311<br><br>(Super. Ct. No. STKCRFE20230003026) |

A jury found defendant Loretta Lashale Beck guilty of two counts of child abduction for taking two of her grandchildren from her son-in-law.  The trial court suspended imposition of the sentence and granted probation for a term of four years.  On appeal, Beck contends the trial court misinterpreted the statutory scheme and erred by imposing a four-year term of probation.  We conclude the court did not err and will affirm.

BACKGROUND

The People charged Beck with two counts of child abduction in violation of Penal Code[1] section 278 and alleged two aggravating circumstances. At trial, the People asked the trial court to strike the aggravating circumstance allegations, and the court granted the request. The jury found Beck guilty of both counts of child abduction. The probation department recommended that the trial court grant probation but require Beck to serve time in jail as a condition of probation. Beck asked the court to reduce her convictions to misdemeanors and sentence her to time served or a fine. The People asked the court to sentence Beck to three years in prison.

At the sentencing hearing, the People opposed Beck's request to reduce her convictions to misdemeanors and asked the trial court to impose a jail sentence even if the court were inclined to grant probation. The court asked the parties what the applicable statutory probationary period would be for Beck's offenses. The prosecutor initially stated that the period was two years but then corrected himself and explained: "Due to the nature of the relationship between the parties, it's four years." Beck did not object or disagree with the prosecutor's assessment. The trial court denied Beck's request to reduce her convictions to misdemeanors, suspended imposition of the sentence, and placed Beck on probation for four years without requiring a jail sentence as a condition of probation.

Beck filed a timely notice of appeal in June 2024 from the order granting probation. Her opening brief was filed in June 2025, and this case became fully briefed on August 1, 2025.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Beck contends the four-year term of probation imposed by the trial court exceeded the applicable maximum term of probation set by section 1203.1, subdivision (*l*)(1). Section 1203.1, subdivision (*l*)(1) sets the maximum term of probation at "a period of time not exceeding the maximum possible term of the sentence." The sentencing triad for a violation of section 278 is two, three, or four years. (§ 278.) The sentencing court can also impose a consecutive term of one-third the middle term for the second conviction, adding one additional year to the sentence. (§ 1170.1, subd. (a).)

Beck contends, however, that we should not calculate the "maximum possible term of the sentence" as the upper term plus a consecutive term, which would permit a probationary term of up to five years. Rather, she argues that the maximum possible sentence the trial court could impose in this case was only three years because (1) the People did not prove any aggravating circumstances justifying an upper term sentence and (2) section 654 precluded imposition and execution of a consecutive sentence for the second conviction. The People disagree with the second contention, and we conclude that the People have the better argument.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "Whether a defendant will be found to have committed a single physical act for purposes of section 654 depends on whether some action the defendant is charged with having taken separately completes the actus reus for each of the relevant criminal offenses." (*People v. Corpening* (2016) 2 Cal.5th 307, 313.) "When th[e] facts are undisputed—as they are here—the application of section 654 raises a question of law we review de novo." (*Id.* at p. 312.)

The People point us to *People v. McCoy* (1992) 9 Cal.App.4th 1578, in which the defendant argued that section 654 prohibited consecutive sentences for his three

3

convictions for violating a custody order by taking his three children to Florida without his wife's permission. (*McCoy*, at pp. 1581-1582, 1584.) The defendant in *McCoy* contended that his conduct constituted an "indivisible transaction." (*Id.* at pp. 1584.) The appellate court disagreed, concluding that the "[d]efendant harbored three separate criminal objectives which were independent and not merely incidental to each other." (*Id.* at p. 1586.) The court explained: "As compared with a property crime, defendant's violation of the court orders caused a detrimental effect on three individual children for a significant period of time and repeatedly violated their mother's parental rights. . . . In depriving his wife of her custodial/visitation rights to all three of her children, defendant acted more culpably than had he deprived his wife of her rights to one of the children." (*Ibid.*) Accordingly, the court concluded that "[s]ection 654 does not bar multiple punishment for the multiple violations of section 278.5 which defendant committed." (*Id.* at p. 1587.)

We find the reasoning of *McCoy* persuasive and applicable to Beck's convictions for violating section 278. Like the defendant in *McCoy*, Beck took multiple children to a different state. We conclude, as the court in *McCoy* did, that depriving her son-in-law of each child was a separate and independent criminal objective. We also follow the *McCoy* court in concluding that taking multiple children must be more culpable than taking a single child.

Because we conclude that section 654 does not prohibit the trial court from imposing consecutive sentences in this case, we need not determine whether "the maximum possible term of the sentence" under section 1203.1, subdivision (*l*)(1) incorporates the limitations on imposing an upper term sentence under section 1170, subdivision (b). A middle term sentence of three years plus a one-year consecutive term is sufficient to authorize the four-year probation term imposed by the trial court.

4

## DISPOSITION

The order suspending imposition of sentence and granting probation for a four-year term is affirmed.

_/s/_
BOULWARE EURIE, J.

We concur:

_/s/_
DUARTE, Acting P. J.

_/s/_
FEINBERG, J.

5